# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO ZAIZA,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CLARK, et al.,<br><br>　　　　Defendants. | **1:19-cv-01476-DAD-GSA-PC**<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF No. 21.)** |

　　　Jose Roberto Zaiza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 17, 2019.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed on February 18, 2021, against defendants Ken Clark (Warden), Captain J. Gallagher, and D. Baughman (CDCR Acting Associate Director) (collectively, "Defendants") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.  (ECF No. 13.)

　　　On September 10, 2021, Defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), in part on the ground that on the face of the First Amended Complaint, Plaintiff failed to exhaust his claims against Defendants as required by the Prison Litigation Reform Act.  (ECF No. 21.)  Defendants also move to dismiss based on Plaintiff's

failure to state an Eighth Amendment claim premised on inadequate living conditions (i.e. inadequate outdoor exercise time). (Id.) Defendants further contend that they are entitled to qualified immunity against Plaintiff's Eighth Amendment claims, and that Plaintiff's prayer for punitive damages fails. (Id.)

In the Ninth Circuit, when the plaintiff is a prisoner proceeding *pro se* in a civil rights case, and a defendant files a motion for summary judgment or a motion to dismiss for failure to exhaust administrative remedied, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). The Court shall, by this order, provide Plaintiff with the Notice and Warning.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

*RAND* **WARNING**

**The Defendants have made a motion to dismiss by which they seek to dispose of your case. This motion to dismiss will, if granted, end your case.**

**In the rare event, such as here, that Defendants argue that the failure to exhaust is clear on the face of the complaint - a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents - documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made**

under penalty of perjury and they show that you have personal knowledge of the matters state therein.

In considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) the judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. **Albino v. Baca**, 747 F.3d 1162, 1168 (9th Cir. 2014).

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. **Woods**, 684 F.3d at 935.)

IT IS SO ORDERED.

Dated:   **September 13, 2021**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE