UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO ZAIZA,<br><br>       Plaintiffs,<br><br>   vs.<br><br>CLARK, et al.,<br><br>       Defendants. | 1:19-cv-01476-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 32.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.   BACKGROUND**

Jose Roberto Zaiza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 17, 2019.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint against Defendants Ken Clark (Warden) and Captain J. Gallagher[1] (collectively, "Defendants") for insufficient access to out-of-cell exercise in violation of the Eighth Amendment.[2]  (ECF No. 11.)

---

[1] Sued as Gallager.

[2] On April 20, 2021, the court issued an order dismissing all claims and defendants from this case except for Plaintiff's adverse conditions of confinement claims against defendants Clark, Gallagher, and Baughman, for Plaintiff's failure to state a claim.  (ECF No. 15.)  On January 27, 2022, the Court granted in part Defendants' motion to dismiss, dismissing Defendant Baughman from this case.  (ECF No. 21.)

1

On March 21, 2022, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 32.) On May 2, 2022, Defendants filed an opposition to the motion. (ECF No. 38.) The motion is now before the Court. Local Rule 230(*l*).

## II. PLAINTIFF'S MOTION

Plaintiff requests a court order lifting the quarantine lockdown at the prison and allowing him access to the law library. Plaintiff asserts that early in March 2022, Defendant Ken Clark (Warden) ordered that the C-Facility 3 Building, where Plaintiff is housed, be placed on a Covid 19 quarantine lockdown. Plaintiff argues that Defendant Clark has not followed CDC guidelines limiting enforcement of the lockdown to 21 days. Plaintiff claims he does not have the Covid 19 virus and that he should have law library access.

Defendants oppose the motion and argue that Plaintiff *does* have access to the law library because even during short-term lockdowns the library paging system was still in effect and available to general users, subject to custody status and librarian availability. While Defendants acknowledge that Plaintiff's access to the library is not unlimited, they assert that Plaintiff has not been denied access to legal materials to which he was entitled and prison officials have promptly responded to his requests for materials, forms, and cases for in-cell study. Defendants also argue that Plaintiff has not shown that he will suffer irreparable harm if his requested relief is not granted, that he is likely to succeed on the merits in this lawsuit, that the balance of equities tips in his favor, or that an injunction is in the public interest.

**Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an

injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**III.    DISCUSSION**

In Plaintiff's case, the court lacks jurisdiction to issue the order sought by Plaintiff. In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.") Here, the Court lacks jurisdiction because the requested order would not remedy any of the claims upon which this case proceeds. Plaintiff's lawsuit proceeds only on his claims that he was given insufficient access to out-of-cell exercise in violation of the Eighth Amendment. In this request, Plaintiff seeks a court order granting him access to the law library. Because such an order would not remedy any of the claims in this case the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied. The court also recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting

Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Accordingly, the court shall defer to the prison's policies and practices in ordering lockdowns and granting Plaintiff access to the law library.

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on March 21, 2022, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 11, 2022**                              /s/ Gary S. Austin
                                                                                       UNITED STATES MAGISTRATE JUDGE