# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ZAIZA,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et al.,<br><br>        Defendants. | **1:19-cv-01476-DAD-GSA-PC**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 39.)**<br><br>**ORDER EXTENDING DEADLINES FOR ALL PARTIES**<br><br>**<u>New Discovery Deadline</u>:**<br>**October 5, 2022**<br><br>**<u>New Dispositive Motions Deadline</u>:**<br>**December 5, 2022** |

## I.    BACKGROUND

Jose Roberto Zaiza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 17, 2019. (ECF No. 1.) This case now proceeds with the First Amended Complaint against Defendants Ken Clark (Warden) and Captain J. Gallagher[1] (collectively, "Defendants") for insufficient access to out-of-cell exercise in violation

---

[1] Sued as Gallager.

1

of the Eighth Amendment.[2] (ECF No. 11.) On March 1, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 1, 2022 and a dispositive motions filing deadline of October 1, 2022. (ECF No. 31.) On June 10, 2022, Plaintiff filed a motion to modify the Scheduling Order. (ECF No. 39.)

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the discovery deadline in the Court's Discovery and Scheduling Order to **October 5, 2022**. In addition, the Court shall extend the dispositive motions filing deadline to **December 5, 2022**. Therefore, the motion to modify the Discovery and Scheduling Order filed by Plaintiff on June 10, 2022 shall be granted.

## III.   CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the Court's Discovery and Scheduling Order, filed on June 10, 2022, is GRANTED;

2. The discovery deadline is extended from August 1, 2022, to **October 5, 2022** for all parties to this action;

3. The dispositive motions filing deadline is extended from October 1, 2022 to

---

[2] On April 20, 2021, the court issued an order dismissing all claims and defendants from this case except for Plaintiff's adverse conditions of confinement claims against defendants Clark, Gallagher, and Baughman, for Plaintiff's failure to state a claim. (ECF No. 15.) On January 27, 2022, the Court granted in part Defendants' motion to dismiss, dismissing Defendant Baughman from this case. (ECF No. 21.)

**December 5, 2022** for all parties to this action; and

4. All other provisions of the Court's March 1, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **June 21, 2022**                         /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE